EDWARD QUINN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed February 21, 1906.*

CRIMINAL LAW—*when accused is not entitled to discharge for delay in trial.* Section 18 of division 13 of the Criminal Code, securing to one accused of crime the right to a trial at some term commencing within four months from the time of commitment, excludes from the operation of such statute cases where the People have been properly granted a continuance, and if such continuance has been granted in accordance with the statute it is immaterial whether or not a legal jury was in attendance at that term.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. N. E. WORTHINGTON, Judge, presiding.

COOKE & STEVENS, for plaintiff in error.

W. H. STEAD, Attorney General, and A. J. BOUTELLE, State's Attorney, for the People.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Plaintiff in error, Edward Quinn, was committed to the Knox county jail on January 7, 1903, on a *mittimus* issued by a justice of the peace, and at the February term of the Knox circuit court, 1903, the plaintiff in error and W. C. Lane and Edward Raymond were indicted, jointly, for burglary, being charged with burglarizing the First National Bank of Abingdon, Illinois, on the night of January 2, 1903. All of the defendants, upon their motions and affidavits, secured a continuance to the June term, 1903, at which term the cause, as against the plaintiff in error and his co-defendants, was called for trial. The defendants, after the jury was called into the box, moved the court to quash the array and panel of jurors, whereupon the court granted a motion of the plaintiff in error for a separate trial, with leave to

re-instate his motion to quash the array and panel of jurors. Said Raymond entered his plea of guilty, and said Lane was convicted, upon the verdict of the jury, of the crime alleged in the indictment, and both of the said defendants so found guilty were sentenced to the penitentiary. At a later day of said June term the plaintiff in error was again called to trial before the same panel of jurors he had moved to quash, whereupon he renewed his motion to quash the array and panel, which motion the court sustained and quashed the panel of jurors and remanded the plaintiff in error to jail. On the 17th day of September, 1903, (being yet one of the days of said June term,) the day set for the trial of the plaintiff in error, the People, upon the call of the cause for trial, entered a motion, supported by affidavits, for a continuance upon the ground of the absence of a material witness. The motion was granted by the court and the cause was continued to the November term, 1903. At the November term of said court the case was called for trial, and the plaintiff in error entered a motion to be set at liberty and discharged under section 18 of division 13 of the Criminal Code. (Hurd's Stat. 1903, p. 686.) The court, after consideration of the plaintiff in error's petition for discharge and the affidavits in support of said motion, overruled the motion. The plaintiff in error also challenged the array and moved to quash the panel of jurors, both of which motions were overruled. The cause was tried before the court and jury, and upon the verdict of guilty rendered by the jury the court entered judgment, sentencing the plaintiff in error to an indeterminate term of imprisonment in the penitentiary. A writ of error sued out by the plaintiff in error has brought the record before this court for review.

The only error relied on for a reversal of the judgment of conviction is, that the court erred in overruling the motion made by the plaintiff in error at the November term, 1903, to be set at liberty and discharged under said section 18. Plaintiff in error contends that under said section 18 he was

entitled to a trial at the June term, 1903, unless a proper
continuance was granted to the People to the November
term, 1903, and that the continuance granted to the People
was improper and wholly ineffectual, so far as depriving
the plaintiff in error of his alleged right to a discharge is
concerned.

Said section 18 reads as follows: "Any person commit-
ted for a criminal or supposed criminal offense, and not
admitted to bail, and not tried at some term of the court
having jurisdiction of the offense commencing within four
months of the date of commitment, or if there is no term
commencing within that time, then at or before the first
term commencing after said four months, shall be set at
liberty by the court, unless the delay shall happen on the
application of the prisoner, or unless the court is satisfied
that due exertion has been made to procure the evidence on
the part of the People, and that there is reasonable grounds
to believe that such evidence may be procured at the next
term, in which case the court may continue the case to the
next term."

The People supported their motion for continuance at
the June term with affidavits, which stated facts showing
that the People had used due diligence to be ready for trial;
that it was impossible to produce a material witness at that
term; that said witness was absolutely necessary, and that
said witness could be produced at the next term of said
court, and that the application was not made for delay,
merely, etc.  No complaint is made that the affidavits so
presented to the court were not sufficient in form or that the
facts alleged therein were not sufficient to justify a continu-
ance of the cause, but it is argued that the jury summoned
to attend at said June term to hear the cause was not, for
reasons not here necessary to be recited, a legal jury, and
that there was no mode by which a legal jury could be ob-
tained for the remainder of said June term, and that, there-
fore, the testimony of the absent witness mentioned in the

affidavit, if present in court, could not have been heard, and
that the necessity for a continuance on that ground did not
and could not arise.

The right of one committed for a criminal offense to be
discharged unless tried at some term of the court having
jurisdiction of the offense commencing within four months
of the date of commitment is purely statutory. Said sec-
tion 18 of division 13 of the Criminal Code, which secures
this right to a defendant, excludes from the operation of the
statute cases where it appears to the court that due exertion
has been made to procure the evidence on the part of the
People without avail, and that there is reasonable ground
to believe that such evidence may be produced at the next
term of the court. The court, upon the showing made in
support of the motion entered by the People for a continu-
ance, granted the motion and entered its order continuing
the cause to the next term of said court. The continuance
being granted in accordance with the terms of the statute,
this court cannot go back of the order granting the continu-
ance and consider whether there was or was not a legal jury
in attendance at the June term of said court. It is wholly
immaterial whether there was a legal jury in attendance.
There could be no trial at that term for the reason material
evidence in behalf of the prosecution could not be had, and
a continuance of the cause was granted under the terms of
the statute. Plaintiff in error was not, therefore, entitled
to a discharge for the delay caused, as a continuance is by
the terms of the statute not to be counted as part of the four
months within which the defendant must be given a trial.

The record is free from error, and the judgment of the
circuit court must be and is affirmed.

*Judgment affirmed.*